**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CONRADO CAMACHO SOSA, DAVID CRUZ, and
TERESA GARCIA, *on behalf of themselves, FLSA*
*Collective Plaintiffs and the Class,*

       Plaintiffs,

       v.

BRECQHOU LLC
       d/b/a THE EAST POLE KITCHEN & BAR,
ST. HELIER TAVERN LLC
       d/b/a CANAL STREET OYSTERS,
JETHOU LLC
       d/b/a PIZZA BEACH,
LIHOU LLC
       d/b/a THE EAST POLE FISH BAR,
HERM LLC
       d/b/a EASTFIELDS KITCHEN & BAR,
406 BROOM ST. REST INC.
       d/b/a BRINKLEY'S,
BROOM STREET HOSPITALITY,
THOMAS MARTIGNETTI,
and ANTHONY MARTIGNETTI,

       Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs CONRADO CAMACHO SOSA ("Plaintiff Sosa"), DAVID CRUZ ("Plaintiff

Cruz"), and TERESA GARCIA ("Plaintiff Garcia") (collectively, "Plaintiffs"), on behalf of

themselves and others similarly situated, by and through their undersigned attorneys, hereby file

this Class and Collective Action Complaint against Defendants BRECQHOU LLC d/b/a THE EAST POLE KITCHEN & BAR, ST. HELIER TAVERN LLC, d/b/a CANAL STREET OYSTERS, JETHOU LLC d/b/a PIZZA BEACH, LIHOU LLC d/b/a THE EAST POLE FISH BAR, HERM LLC d/b/a EASTFIELDS KITCHEN & BAR, 406 BROOM ST. REST INC. d/b/a BRINKLEY'S, BROOM STREET HOSPITALITY (collectively, "Corporate Defendants"), THOMAS MARTIGNETTI, and ANTHONY MARTIGNETTI, ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiff SOSA alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

2.      Plaintiff SOSA alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid spread of hours premiums, (3) liquidated damages and statutory penalties, and (4) attorneys' fees and costs.

3.      Plaintiff SOSA also alleges, pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*, that he is entitled to recover from Defendants for (1) unlawfully discriminating against him on the basis of his sex through a hostile workplace environment and (2) unlawfully retaliating against him for asserting rights under the foregoing statutes.

4.      Plaintiff CRUZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, including failure to pay for travel time, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

5.      Plaintiff CRUZ alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, including failure to pay for travel time (2) unpaid wages due to failure to pay minimum wage, (3) liquidated damages and statutory penalties, and (4) attorneys' fees and costs.

6.      Plaintiff GARCIA alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

7.      Plaintiff GARCIA alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the unlawful acts for which Plaintiffs seek relief took place in that District.

## PARTIES

*Plaintiffs*

10.    Plaintiff SOSA is a resident of New York County, New York.

11.    Plaintiff CRUZ is a resident of Queens County, New York.

12.    Plaintiff GARCIA is a resident of New York County, New York.

*Defendants*

13.    Corporate Defendant BRECQHOU LLC d/b/a THE EAST POLE KITCHEN & BAR is a domestic limited liability company organized under the laws of the State of New York with its principal place of business and address for service of process at 133 E. 65th Street, New York, NY 10065. BRECQHOU LLC operates "The East Pole Kitchen & Bar" restaurant.

14.    Corporate Defendant ST. HELIER TAVERN LLC, d/b/a CANAL STREET OYSTERS is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 380 Canal Street, New York, NY 10013. Its address for service of process is c/o The Limited Liability Company, 247 Centre St., Ste 2B, New York, NY 10013. ST. HELIER TAVERN LLC operates the "Canal Street Oysters" restaurant.

15.    Corporate Defendant JETHOU LLC d/b/a PIZZA BEACH is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 167 Orchard Street, New York, NY 10003.  Its address for service of process is Jethou LLC, P.O. Box 2049, New York, NY 10013. JETHOU LLC operates the "Pizza Beach" restaurant.

16.    Corporate Defendant LIHOU LLC d/b/a THE EAST POLE FISH BAR is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 964 Lexington Avenue, New York, NY 10021. Its address for service

of process is Thomas Martignetti, 247 Centre St. RM2B, New York, NY 10013. LIHOU LLC operates "The East Pole Fish Bar" restaurant, which was formerly known as Café Americano.

17.    Corporate Defendant HERM LLC d/b/a EASTFIELDS KITCHEN & BAR is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 1479 York Avenue, New York, NY 10075. Its address for service of process is Jethou LLC, P.O. Box 2049, New York, NY 10013. HERM LLC operates the "Eastfields Kitchen & Bar" restaurant.

18.    Corporate Defendant 406 BROOM ST. REST INC. d/b/a BRINKLEY'S is a domestic business corporation organized under the laws of the State of New York with an address for process at 199 Lafayette Street, New York, NY 10012. It operated the now-defunct "Brinkley's" restaurant.

19.    Corporate Defendant BROOME STREET HOSPITALITY is "a multi-brand, family-owned hospitality company"[1] and the overarching corporate parent of all the foregoing restaurants ("the Broome Street Restaurants"). Its principal place of business is located at 247 Centre St., New York, NY 10013.

20.    Individual Defendant THOMAS MARTIGNETTI is the co-founder and co-owner of the entire BROOM STREET HOSPITALITY group of restaurants.

21.    Individual Defendant ANTHONY MARTIGNETTI is the co-founder and co-owner of the entire BROOM STREET HOSPITALITY group of restaurants.

22.    Individual Defendants exercised functional control over the business and financial operations of the Broome Street Restaurants and over the terms and conditions of Plaintiffs'

---

[1] https://www.linkedin.com/in/tom-martignetti-90a5555a/

employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiffs, FLSA Collective Plaintiffs and Class Members, Individual Defendants exercised their power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendants had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs, and Class Members.

23.    At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

24.    At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

25.    The Broome Street Restaurants are operated by Defendants as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership, and have a common business purpose.

    a)    The Broome Street Restaurants are commonly owned by Individual Defendants Thomas Martignetti and Anthony Martignetti and operated by the same executive officers.

    b)    The various websites of the Broome Street Restaurants are interlinked, such that the homepage of each restaurant contains links to the other restaurants. *See* **Exhibit A**.

    c)    The Broome Street restaurants advertise positions collectively under the Broome Street Hospitality heading on the Culinary Agents networking site.[2] *See* **Exhibit B**.

    d)    Individual Defendants enact the same policies with respect to all Broome Street Restaurants. Individual Defendant Anthony Martignetti has stated: "Within the company, although we don't have titles, I run the creative branch and my

---

[2] https://culinaryagents.com/groups/523-Broome-Street-Hospitality/companies

brother runs the business and management. At least that's what we tell people, but we really are both pretty much involved with everything except the cooking (which for our customer's sake is a good thing)."[3]

e)   Employees were interchangeable among the Broome Street Restaurants and transferred to and from the different locations. As detailed below, Plaintiffs either worked at multiple locations or delivered supplies between locations.

f)   The Broome Street Restaurants maintain centralized labor relations and human resources, and utilize the same payroll system for employees.

g)   The Broome Street Restaurants implement the same wage and hour policies and procedures established by Defendants.

## STATEMENT OF FACTS

*Plaintiff SOSA*

26.   From on or about July 7, 2014 until on or about July 26, 2019, Plaintiff Sosa was employed by Defendants as a cook at the East Pole Kitchen & Bar. On an as needed basis, he was sent to work at Defendants' Eastfield Kitchen & Bar location.

27.   Plaintiff Sosa began working at $13/hr. In January 2015, his wage was raised to $14/hr. In January 2016, it was raised to $15/hr. In January 2017, it was raised to $16/hr. In January 2018, it was raised to $17/hr. In January 2019, it was raised to $19/hr.

28.   Plaintiff Sosa always clocked in and out.

29.   Plaintiff Sosa worked five (5) days a week in excess of ten (10) hours a day, from 1:00 pm until sometime after 11:00 pm. Thus, he was entitled to a spread of hours premium for each of the five days he worked. However, all or most of the weekly paycheck he received contained a maximum of $30 in spread of hours premiums, which is less than is required for five days.

30.   Through this policy, Defendants deprived Plaintiff Sosa of compensation that he

---

[3] https://www.themanual.com/fashion/74451/

was due under NYLL.

31.    From 2017 onwards, Defendants instituted a mandatory 30-minute break rule. But Plaintiff Sosa was almost never able to actually take his break because he had to work through it. Thus, he was time-shaved 30 minutes during each shift.

32.    Throughout his employment with Defendants, Plaintiff Sosa regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other workers at The East Pole Kitchen & Bar, he, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices, including time shaving and failure to pay all spread of hours premiums.

33.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and the Class all compensation owed for spread of hours premiums, in violation of NYLL.

34.    Defendants knowingly and willfully operated their business with a policy of time shaving Plaintiff, FLSA Collective Plaintiffs, and the Class, in violation of NYLL and FLSA.

35.    In March 2019, Defendants hired a new chef named Eric, who immediately began grabbing Plaintiff Sosa's buttocks and crotch.  Plaintiff Sosa naturally told Eric to stop, but Eric persisted in grabbing Plaintiff Sosa's buttocks and crotch around four times per day. Eric did the same to other employees as well. One salad prep worker named Adrian quit his job because of this. Plaintiff Sosa complained to the general manager Jesus, who worked at all of Defendants' restaurants, but Jesus never did anything to help to help Plaintiff Sosa. And soon after Plaintiff Sosa began complaining, Jesus and Eric fired him. Plaintiff Sosa was sexually harassment by Eric right up until his termination, and he was terminated as retaliation for complaining about the harassment, in violation of NYCHRL AND NYSHRL.

*Plaintiff CRUZ*

36.    From 2012 until May 2018, Plaintiff Cruz was employed by Defendants as a food runner at the East Pole Kitchen & Bar and worked there five days a week from 4:00 pm to 11:00 pm.

37.    Plaintiff Cruz was frequently sent to work Defendants' Eastfields Kitchen & Bar restaurants on days he was not working at the East Pole Kitchen & Bar. This was usually 1-2 days per week, also from 4:00 pm to 11:00 pm.

38.    Plaintiff Cruz was also sent to work at Defendants Café Americano restaurant (later renamed East Pole Fish Bar) 3-4 days a week from 8:00 am to 3:00 pm. After this, he would work at the East Pole Kitchen & Bar restaurant.

39.    Plaintiff Cruz was always paid the prevailing tipped credit minimum wage.

40.    However, Defendants would always wait six (6) weeks after the legal minimum wage went up before actually raising his hourly wage to the required amount.

41.    Moreover, the tip credit taken by Defendants was invalid, given that Plaintiff Cruz spent more than 20% of his time on non-tipped activities and that Defendants did not provide him with notice of the tip credit.

42.    Defendants also failed to pay Plaintiff Cruz for his travel time between restaurants, as he was also required to clock in and out at each location.  He was not paid for the ten (10) minutes it took to travel between locations.

43.    From 2017 onwards, Defendants instituted a mandatory 30-minute break rule. But Plaintiff Cruz was almost never able to actually take his break.  Thus, he was time-shaved 30 minutes during each shift.

Through these policies, Defendants deprived Plaintiff Cruz of compensation that he was due under FLSA and NYLL.

44.    Throughout his employment with Defendants, Plaintiff Cruz regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff Cruz's direct observations and conversations with other workers at Defendants' various restaurant locations where he worked, he, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices, including time-shaving and failure to pay minimum wage.

45.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Cruz, FLSA Collective Plaintiffs, and the Class all compensation owed, in violation of FLSA and NYLL.

***Plaintiff GARCIA***

46.    From in or about June 2017 until on or about August 15, 2019, Plaintiff Garcia worked as a food preparer at Defendants' The East Pole Kitchen & Bar restaurant. She worked between five and six (5-6) days a week from 8:00 am to 4:00 pm.

47.    Plaintiff Garcia was frequently sent out to deliver supplies to and from other Broome Street Restaurants.

48.    Plaintiff Garcia always clocked in and out.

49.    Per Defendants' mandatory meal break policy, Plaintiff Garcia was automatically deducted 30 minutes of meal break time per shift. However, she was always required to work through her purported meal break. Thus, she was time-shaved 30 minutes during each shift.

50.    Through this policy, Defendants deprived Plaintiff Garcia of regular and overtime wages that she was due under NYLL and FLSA.

51.    Throughout her employment with Defendants, Plaintiff Garcia regularly observed and spoke to her co-workers about Defendants' pay practices and policies. Based on Plaintiff Garcia's direct observations and conversations with other workers at The East Pole Kitchen & Bar and the other restaurants to which she delivered supplies, she, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices, including time-shaving.

52.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Garcia, FLSA Collective Plaintiffs, and the Class all compensation for all hours worked, in violation of FLSA and NYLL.

53.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, hosts/hostesses, porters, expeditors, servers, runners, bussers, bartenders and barbacks) employed by Defendants at any of the Broome Street Restaurants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

55.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular

and overtime wages for all hours worked due to time shaving. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

56.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

57.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, hosts/hostesses, porters, expeditors, servers, runners, bussers, bartenders and barbacks) employed by Defendants at any of the Broome Street Restaurants on or after the date that is six (6) years before the filing of this Complaint (the "Class").

58.    In addition, Plaintiff Cruz brings claims for relief on behalf of all tipped employees of Defendants employed at any of the Broome Street Restaurants on or after the date that is six (6) years before the filing of this Complaint (the "Tipped Subclass").

59.    At all relevant times, Plaintiffs and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving, failure to pay minimum wage, and failure to pay spread of hours premiums. The claims of Plaintiffs stated herein are essentially the same as those of Class Members.

60.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

61.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such information being presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members.

62.    Plaintiffs' claims are typical of claims that could be alleged by all Class Members, and the relief sought is typical of the relief that could be sought by all Class Members. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay them regular and overtime wages for all hours worked due to time shaving, failing to pay minimum wage, and failing to pay spread of hours premiums.

63.    Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class Members in violation of the NYLL.

64.    Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses and injuries arising from the same unlawful policies, practices, and procedures.

65.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

66.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67.    Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or

indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

68.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class Members for their work;

d)  Whether Defendants paid Plaintiffs and Class Members for all hours worked, given Defendants' time shaving practices;

e)  Whether Defendants at any point failed to pay Plaintiffs and Class Members minimum wage;

f)  Whether Defendants took an invalid tip credit from Plaintiff Cruz and the Tipped Subclass;

g)  Whether Defendants failed to pay Plaintiffs and Class Members their spread of hours premiums;

h)  Whether Defendants provided proper wage statements to Class Members per requirements of the NYLL; and

i)  Whether Defendants provided proper wage notices to Class Members per requirements of the NYLL.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

69.    Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

70.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

72.    At all relevant times, Defendants had gross annual revenues in excess of $500,000.

73.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs the full amount of wages due because of time shaving and failure to pay minimum wage.

74.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

75.    Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all

hours worked, including overtime hours, when Defendants knew or should have known such was due.

76.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their time shaving and failure to pay minimum wage to Plaintiffs and FLSA Collective Plaintiffs, when Defendants knew or should have known such was due.

77.    Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

78.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

79.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including unpaid overtime wages, plus an equal amount as liquidated damages.

80.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

81.    Plaintiffs reallege and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

82.    At all relevant times, Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

83.     Defendants knowingly and willfully failed to pay Plaintiffs and Class Members the full amount of regular and overtime wages as a result of time shaving, failing to pay minimum wage, and failing to pay spread of hours premiums, in violation of the New York Labor Law.

84.     Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage statements as required under the New York Labor Law.

85.     Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage and hour notices as required under the New York Labor Law.

86.     Due to the Defendants' New York Labor Law violations, Plaintiff, Class Members, and Subclass Members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**DISCRIMINATION AND RETALIATION UNDER THE
NEW YORK STATE HUMAN RIGHTS LAW**

**(N.Y. Exec. Law § 292 *et seq*.)**
**(brought on Plaintiff Sosa's behalf only)**

87.     Plaintiff Sosa realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

88.     The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

89.     Defendants violated the New York State Human Rights Law when they discriminated against Plaintiff Sosa by creating a hostile work environment on the basis of his sex. They violated NYSHRL further when they fired him because he was protesting the hostile work environment. Such retaliation is prohibited by the New York State Human Rights Law, which provides that it shall be an unlawful employment practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article." New York State Executive Law § 296(7).

90.     As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff Sosa has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

91.     Plaintiff Sosa seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

## COUNT IV

### DISCRIMINATION AND RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

**(N.Y.C. Admin. Code § 8-101 *et seq*)**
**(brought on Plaintiff Sosa's behalf only)**

92.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

93.     The New York City Administrative Code §8-107(1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

94.     Defendants violated the New York City Human Rights Law when they discriminated against Plaintiff Sosa by creating a hostile workplace environment on the basis of his sex. They violated NYSHRL further when they fired him as retaliation for his protesting the hostile work environment.

95.     As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff Sosa has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

96.     Plaintiff Sosa seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid regular and overtime wages, including spread of hours premiums, due under the FLSA and/or NYLL;

d.  An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e.  An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f.  An award of all applicable damages under the NYSHRL and the NYCHRL to Plaintiff Sosa;

g.  An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.  Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiffs as Representatives of the Class; and

k.  Such further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 11, 2021                    Respectfully submitted,

                                           **LEE LITIGATION GROUP, PLLC**

                             By:      _/s/ C.K. Lee_____

                                      C.K. Lee, Esq. (CL 4086)
                                      Anne Seelig, Esq. (AS 1976)
                                      148 West 24th Street, Eighth Floor
                                      New York, NY 10011
                                      Tel.: (212) 465-1188
                                      Fax: (212) 465-1181

                                      *Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
                                      *and the Class*